# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) 2:09-cr-0466-PMP-LRL |
| v. | ) ) **ORDER** |
| HECTOR GONZALEZ-ALBA, *et al.*, | ) ) |
| Defendants. | ) ) |

Before the court is defendant Hector Gonzalez-Alba's Motion for Relief from Prejudicial Joinder (#56). Gonzalez moves to sever his trial from that of his alleged co-conspirators pursuant to Fed. R. Crim. P. 14 on the grounds that: (1) his defense and the defenses of his co-defendants are mutually exclusive or antagonistic; (2) in a joint trial one or more of his co-defendants would be unable to provide exculpatory testimony in support of Gonzalez's defense; and (3) the jury will be unable to segregate evidence applicable to each defendant, "including all statements that may implicate *Bruton/Crawford* issues." The court has considered the motion (#56) and the government's Opposition (#63). No reply has been filed. For the following reasons the motion (#56) will be denied.

## DISCUSSION

Rule 14 recognizes that even when defendants are properly joined under Rule 8(b), severance may be appropriate to avoid prejudice to a defendant. *See* Fed. R. Crim. P. 14(a); *see also* Fed. R. Crim. P. 8(b). Yet Rule 14 "sets a high standard for a showing of prejudice." *United States v. Vasquez-Velasco*, 15 F.3d 833, 845 (9th Cir. 1994). To justify severance the defendant bears the burden of demonstrating that "a joint trial is so manifestly prejudicial that the trial judge is required to exercise his or her discretion in only one way – by severing the trial." *United States v. Castro*, 877 F.2d 988,

996 (9th Cir. 1989) (citation omitted). To warrant a severance, "[a] defendant must show clear, manifest or undue prejudice and violation of a substantive right resulting from the failure to sever." *Id.* (citation omitted). The joinder must be "so manifestly prejudicial that it outweighs the dominant concern with judicial economy and compels the exercise of the court's discretion to sever." *United States v. Galindo*, 243 F.R.D. 660, 662 (D. Haw. 2007) (citing *United States v. Kenny*, 645 F.2d 1323, 1345 (9th Cir. 1981)).

**1. Mutually Exclusive or Antagonistic Defenses**

Gonzalez first argues that joinder is prejudicial because his defense is antagonistic and mutually exclusive to that of his co-defendants. To obtain severance on this ground, Gonzalez must show that "'the acceptance of one party's defense will preclude the acquittal of the other party.'" *United States v. Sherlock*, 962 F.2d 1349, 1362 (9th Cir. 1992) (quoting *United States v. Ramirez*, 710 F.2d 535, 546 (9th Cir. 1983). Mere antagonism between defenses is not sufficient to mandate severance, even where defendants blame each other. *Zafiro v. United States*, 506 U.S. 534, 538-539 (1993); *Ramirez*, 710 F.2d at 546 (citing *United States v. Brady*, 579 F.2d 1121, 1128 (9th Cir. 1978)); *but see United States v. Mayfield*, 189 F.3d 895, 900 (9th Cir. 1999) (severance proper where co-defendant's counsel acted as a second prosecutor, using "every opportunity to introduce impermissible evidence against [the co-defendant], and her closing argument barely even addressed the government's evidence against her client and instead focused on convincing the jury that [the co-defendant] was the guilty party, not her client."). Defendants are not entitled to severance merely because they may stand a better chance of acquittal in separate trials. *Zafiro*, 506 U.S. at 540. Rather, the defendant must show that the essence or core of the defenses are in conflict such that the jury, in order to believe the core of one defense, must necessarily disbelieve the core of the other. *Sherlock*, 962 F.2d at 1363; *see also United States v. Throckmorton*, 87 F.3d 1069, 1072 (9th Cir. 1996), *cert. denied*, 117 S. Ct. 993 (1997).

Here Gonzalez states that "the core of [his] defense will require the jury to disbelieve one or more co-defendants in the case," and his acquittal would "necessarily call for the conviction of one or more of his co-defendants when Gonzalez will have no choice but to describe and explain his presence

at [the arrest scene] and implicate either directly or indirectly one or more co-defendants." Mot. (#56) at 6. He further argues that his defense will necessarily require an explanation about the involvement of the co-defendants in the case as compared to him, "thus turning counsel into a second prosecutor and creating improper joinder." *Id.* Gonzalez's assertion of mutually exclusive defenses as a ground for severance must fail because he does not articulate what his defense will be or what the defenses of his co-defendants will be. Consequently, because the court is unable to determine whether the defenses are irreconcilable or mutually exclusive, Gonzalez has not met his burden of showing that his defense is in conflict with that of his co-defendants.

**2. Exculpatory Testimony of One or More Co-defendants**

Gonzalez next argues that severance is necessary because one or more of his co-defendants are currently unable to provide exculpatory testimony in his defense. To prevail on this basis Gonzalez must make a threshold showing that: (1) he would call another defendant at a severed trial; (2) the co-defendant would in fact testify; and (3) the testimony would be favorable to Gonzalez. *United States v. Pitner*, 307 F.3d 1178, 1181 (9th Cir. 2002) (citing *United States v. Reese*, 2 F.3d 870, 892 (9th Cir. 1993)); *see also United States v. Little*, 753 F.2d 1420, 1446 (9th Cir. 1984). A "likelihood" that a co-defendant will offer exculpatory evidence is not enough. *See Castro*, 887 F.2d at 998. Even where a defendant can meet the threshold showing, he must show that the co-defendant's testimony is "substantially exculpatory" to succeed on the motion to sever. *Reese*, 2 F.3d at 892. A showing that the testimony would merely contradict portions of the government's proof insufficient. *United States v. Mariscal*, 939 F.2d 884, 886 (9th Cir. 1991).

Gonzalez states only that the "current joint trial prevents [him] from calling any co-defendant, including his cousin Luis Miguel Sagrero-Alba, to provide any testimony, including substantially exculpatory testimony, on his behalf," and that he is prevented from providing exculpatory testimony on his own behalf unless his trial is severed. Mot. (#56) at 7. Once again, these naked, conclusory assertions cannot meet the threshold showing required. Gonzalez does not indicate what, if any, exculpatory testimony he would give or which specific co-defendant(s) he would call at a severed trial;

3

nor has he even alleged that a co-defendant would in fact appear or what would be said. Gonzalez has not begun to demonstrate that any co-defendant's testimony would be substantially exculpatory.

**3. Jury's Ability to Segregate the Evidence**

Gonzalez next argues that his trial should be severed from that of his co-defendants because "the jury will not be able to segregate evidence applicable to each defendant." Mot. (#56) at 7. He worries that the jury will improperly "conclude that [he] was guilty even though his alleged culpability is far less than that of his co-defendants." He asserts that he is not alleged to have (1) set the time and place for the transaction; (2) arranged for transport of drugs to the transaction; (3) bought the methamphetamine; (4) walked with any other co-defendant to allegedly complete the transaction; or (5) been found near the drugs or gun at the time of arrest. *Id.* at 8. The government maintains that severance of trials would require the court to hear identical trials on the same issues, insofar as "each member of a conspiracy is responsible for the actions of other members of the conspiracy that are taken in furtherance of the conspiracy," and therefore all of the evidence of all acts by all co-conspirators would be admissible against Gonzalez in either a joint or a separate trial. Opp'n (#63) at 7.

Joint trial is "particularly appropriate where co-defendants are charged with conspiracy, because the concern for judicial efficiency is less likely to be outweighed by possible prejudice to the defendants when much of the same evidence would be admissible against each of them in separate trials." *United States v. Fernandez*, 388 F.3d 1199, 1242 (9th Cir. 2004); *see United States v. Cruz*, 127 F.3d 791, 798-99 (9th Cir.1997), *overruled on other grounds by United States v. Jimenez Recio*, 537 U.S. 270 (2003). That "there may be more incriminating evidence against one defendant than there is against another, is insufficient to justify a separate trial for the latter." *United States v. Marcello*, 731 F.2d 1354, 1360 (9th Cir. 1984). Nor is severance required simply because there is a disparity in the quality and quantity of evidence presented against the defendants. *See United States v. Douglass*, 780 F.2d 1472, 1479 (9th Cir. 1986) (affirming district court's refusal to sever trials of defendants charged with offenses relating to a two-day marijuana conspiracy from the trial of defendants charged with the additional offense of operating a continuing criminal enterprise). "Judicial economy justifies reliance

on the jury to follow the instructions of the court that segregate the evidence and limit the applicability of the evidence to each defendant." *United States v. Vaccaro*, 816 F.2d 443, 448 (9th Cir. 1987). Nevertheless, severance is appropriate where a jury cannot "reasonably be expected to compartmentalize the evidence as it relates to separate defendants." *Ramirez*, 710 F.2d at 546; *Escalante*, 637 F.2d at 1201.

Gonzalez makes no effort to demonstrate why or how the court's limiting instructions would be insufficient. *United States v. Joetzki*, 952 F.2d at 1094. He has only stated that certain acts are alleged to have been committed by his co-defendants and not him and may influence the jury. He does not address whether any alleged prejudicial effect of the evidence relating to the guilt of co-defendants would be "neutralized by careful instruction by the trial judge." *Escalante*, 637 F.2d at 1201; *see also Joetzki*, 952 F.2d at 1094 ("A defendant seeking severance based on the 'spillover' effect of evidence admitted against a co-defendant must also demonstrate the insufficiency of limiting instructions given by the judge."). His list of alleged acts, without more, does not speak to whether a jury can fairly be expected to "collate and appraise the independent evidence against each defendant in view of its volume and the court's limiting instructions." *United States v. Sherlock*, 962 F.2d at 1360.

Finally, in this section of his motion, Gonzalez states, "several items of evidence would likely not be admissible if Gonzalez-Alba were tried alone, including any statement by a non-testifying co-defendant about the co-defendant's involvement, or even statements by co-defendants that, either redacted or unredacted implicate, directly or indirectly, Gonzalez-Alba." *Id.* at 8-9. He does not support the assertion with legal authority nor explain why such evidence would be inadmissible were he tried alone.[1] Nevertheless, the government represents, "each of the co-defendants have made statements implicating himself. To the extent these also implicate other co-defendants, they will be appropriately redacted pursuant to *Bruton*." Opp'n (#63) at 5 (citing *Bruton v. United States*, 391 U.S. 123 (1968)).

---

[1] In the header to this portion of defendant's motion, Gonzalez states that the jury will not be able to segregate evidence applicable to each defendant "including all statements that may implicate *Bruton/Crawford* issues." The substance of his argument, however, is devoid of any further mention of or citation to *Bruton* or *Crawford.*

Gonzalez did not file a reply. Hence the government's assertion is unchallenged. Because the statements can be redacted, there is no need to sever the trial on the basis of the post-arrest admissions of Gonzalez's co-defendants. *See Gray v. Maryland*, 523 U.S. 185 (1998). Gonzalez has not met his burden of showing that a joint trial would be so manifestly prejudicial that severance is necessary.

Accordingly, and for good cause shown,

IT IS ORDERED that Gonzalez's Motion to Sever (#56) is denied.

DATED this 30th day of September, 2010.

_____
**LAWRENCE R. LEAVITT**
**UNITED STATES MAGISTRATE JUDGE**